UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **George Edmund Brown**, # 215442, *aka* George E Brown and *aka* George Brown, <br><br> Plaintiff, <br><br> vs. <br><br> **Judith Lefler**, Nurse at Ridgeland Correctional Institution, in her individual capacity; <br> **Janine Davis**, Nurse at Ridgeland Correctional Institution, in her individual capacity, and <br> **P. Douglas Taylor**, Warden of Ridgeland Correctional Institution, in his individual capacity, <br><br> Defendants. | ) C/A No. 0:05-1783-DCN-BM <br> ) <br> ) <br> ) <br> ) **Report and Recommendation** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## *Background of this Case*

The plaintiff is an inmate at the Ridgeland Correctional Institution of the South Carolina Department of Corrections (SCDC). The defendants in the above-captioned case are two (2) nurses at the Ridgeland Correctional Institution and the Warden of the Ridgeland Correctional Institution.

The "STATEMENT OF CLAIM" portion of the § 1983 complaint reveals that this civil rights action arises out of the administration by Nurse Lefler of the wrong medication to the plaintiff. As a result of receiving this allegedly wrong medication, the plaintiff became very ill. Plaintiff alleges that he



1

requested immediate medical attention, but was denied medical treatment for two (2) days. Plaintiff states that he filed a grievance on April 27, 2005, which was given grievance number R.C.I.-0309-05. In his prayer for relief, plaintiff seeks a jury trial, "proven" damages, the costs of this action, attorney's fees, and further relief "as may be Just, and equitable."

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act. Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of a *pro se* filing);[1] Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978),

---

[1]Boyce has been held by some authorities to have been abrogated in part, on other
(continued...)



2

*cert. denied*, Moffitt v. Loe, 446 U.S. 928 (1980); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, this § 1983 complaint is still subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

The plaintiff's answers on page 2 of the complaint indicate that he filed his grievance on April 27, 2005. In orders filed on May 9, 1996, this court certified that the inmate grievance procedure established by the South Carolina Department of Corrections met the standards required by 42 U.S.C. § 1997e(a)(2). *See* the orders filed in Misc. No. 3:96-MC-83-2 and Misc. No. 3:96-MC-84-2 (D.S.C., May 9, 1996). As of June 8, 2005 (the date the plaintiff

---

(...continued)
grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").



3

delivered the pleadings in this case to prison officials for mailing), he had not received a response to his grievance.  Therefore, under the Prison Litigation Reform Act, this case is subject to summary dismissal for failure to exhaust prison remedies.  *See* 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 152 L.E.2d 12, 122 S.Ct. 983, 2002 U.S. LEXIS® 1373 (2002); Booth v. Churner, 531 U.S. 956, 149 L.Ed.2d 958, 121 S.Ct. 1819, 2001 U.S. LEXIS® 3982 (2001)(unanimous decision: PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action); and Higginbottom v. Carter, 223 F.3d 1259, 2000 U.S.App. LEXIS® 21087 (11th Cir. 2000).

    The plaintiff has filed a Step 1 grievance.  If Plaintiff receives a decision on his grievance and if the plaintiff is dissatisfied with the results of his Step 1 grievance, he can file an appeal.  Such an appeal would be Step 2 of the SCDC grievance procedure. Even if the SCDC fails to respond to the plaintiff's Step 1 grievance and, as a result, leaves the plaintiff with no decision to appeal to Step 2, the plaintiff must still refrain from filing suit in federal court until all time periods for both steps to be completed have expired.  Once the full period for prison responses has run without the issuance of any response,



4

it is generally held that the inmate has substantially complied with the § 1997e exhaustion requirement, and can therefore proceed in Court.  *See, e.g.*, Boyd v. Corrections Corp. of America, 380 F.3d 989, 996, 2004 U.S.App. LEXIS® 18903 (6th Cir. 2004)("Following the lead of the . . . other circuits that have considered this issue, we conclude that administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance), *cert. denied*, 73 U.S.L.W. 3555, 161 L.Ed.2d 477, 125 S.Ct. 1639, 2005 U.S. LEXIS® 2458 (2005); Jernigan v. Stuchell, 304 F.3d 1030, 1032, 2002 U.S.App. LEXIS® 19144 (10th Cir. 2002)("agree[ing with other circuits] that the failure to respond to a grievance within the time limits contained in the grievance policy renders an administrative remedy unavailable"); Lewis v. Washington, 300 F.3d 829, 833, 2002 U.S.App. LEXIS® 16388 (7th Cir. 2002)(stating that prison's failure timely to respond renders administrative remedies unavailable); Foulk v. Charrier, 262 F.3d 687, 698, 2001 U.S.App. LEXIS® 18707 (8th Cir. 2001)(holding that defendants failed to prove non-exhaustion where they presented no evidence to refute plaintiff's contention that he could not pursue grievance further after warden did not respond to his grievance); and Underwood v. Wilson, 151 F.3d 292, 295, 1998 U.S.App. LEXIS® 18884 (5th Cir. 1998)(holding that "available administrative


5

remedies are exhausted when the time limits for the prison's response set forth in the prison Grievance Procedures have expired"), *cert. denied*, 526 U.S. 1133, 1999 U.S. LEXIS® 3500 (1999). In South Carolina, an inmate who files a Step 1 grievance but receives no response thereto must wait at least 110 days (approximately four (4) months) from the time he or she files a Step 1 grievance before it may be said that he or she has exhausted "such administrative remedies as are available."[2]  42 U.S.C. § 1997e(a).

Summary dismissal of the above-captioned case because of non-compliance with the Prison Litigation Reform Act will also prevent the plaintiff from needlessly incurring a nondischargeable debt of $150 to the United States.  *See* Kahn v. Malinov, 1996 U.S.Dist. LEXIS® 7917, 1996 WESTLAW® 311447 (E.D.Pa., June 6, 1996):

> Notwithstanding the fact that plaintiff has complied with this Court's Order of April 16, 1996, because his recent filing is not in

---

[2]It appears that as long as the inmate waits the full 110 days established for the running of the entire process through Step 2, he or she may then file suit in federal court even though he or she has not formally completed Step 2.  This is true because the SCDC policy states, in pertinent part, "[i]f, at the institutional level, the response to the grievance exceeds the established time limits, the grievance will automatically proceed to the next level of appeal." § 14(e) of the SCDC policy.  *See* Boyd; Jernigan; Lewis; Foulk; and Underwood.  The 110-day period is determined by giving the maximum amount of time provided in the SCDC policy for each step in the process and assuming that no extensions of time are sought and the SCDC fails to timely respond to the Step 1 grievance within the forty-five (45) days allowed or fails to request a specific continuance of the established time to respond by SCDC officials at any point during the process. Therefore, if the SCDC does not respond to the plaintiff's grievance by Monday, August 15, 2005, the plaintiff can then bring suit in this federal court.

6



accordance with the [Prison Litigation Reform] Act currently in effect[,] which governs the filing of Applications for Leave to Proceed *In Forma Pauperis*, his Motion for Leave to Proceed *In Forma Pauperis* will be denied without prejudice. In the event plaintiff decides to proceed in the case, he must comply with all provisions of the Act.

Kahn v. Malinov, 1996 WESTLAW® 311447, at *2. *See also* Smith v. Urban, 928 F. Supp. 532, 1996 U.S.Dist. LEXIS® 8142 (E.D.Pa. 1996).

Finally, the plaintiff is not entitled to attorney's fees. A *pro se* litigant, even if he or she is an attorney, cannot receive attorney's fees in a civil rights action. Kay v. Ehrler, 499 U.S. 432, 435, 1991 U.S. LEXIS® 2219 (1991).

### *Recommendation*

Accordingly, it is recommended that the Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See* Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); Boyce v. Alizaduh, supra; Todd v. Baskerville, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and "new" 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].



The plaintiff's attention is directed to the Notice on the next page.

Respectfully submitted,

Columbia, South Carolina
June 30, 2005

Bristow Marchant
United States Magistrate Judge

8

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**

The **Serious Consequences** of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review").  **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.**  See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201
